**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2958
_____

DEMONTRAY WARD,
Appellant

v.

DR.  ENIGK, Psychiatric Dr. at USP-Lewisburg;
LT.  TROUTMAN, USP-Lewisburg; LT.  LEONWICZ;
LT.  STUART, USP-Lewisburg; LT.  HAUBERT, USP-Lewisburg
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-20-cv-00615)
District Judge:  Honorable Robert D. Mariani
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 17, 2024

Before:  JORDAN, PHIPPS, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: October 18, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se litigant Demontray Ward appeals from the District court's decisions granting the defendants' motions for dismissal and summary judgment. We will affirm.

I.

As we write primarily for the parties who are familiar with both the facts and procedural posture of this case, we recount only the facts necessary to understand the appeal. In April 2020, Ward initiated the instant action, in which he alleged that the named defendants at United States Penitentiary – Lewisburg ("Lewisburg") violated his Eighth Amendment rights by being deliberately indifferent to his serious medical needs, and through the infliction of cruel and unusual punishment. Specifically, Ward alleged that the named defendants failed to treat his suicidal ideations or respond adequately to his suicide attempt, and instead, left him in ambulatory and four-point restraints for a period of three days.

In May 2022, the District Court granted summary judgment to defendant Dr. Jennifer Enigk ("Enigk") and granted the motion to dismiss the claims against Lieutenants Troutman, Leonowicz, and Stuart (the "Lieutenants"). Enigk was found to have statutory immunity as a Lieutenant Commander in the United States Public Health Service. The claims against the Lieutenants were dismissed because the Court concluded that Ward was attempting to apply Bivens in a new context, and the Court declined to extend Bivens. Corrections Officer Haubert was later granted summary judgment after the Court determined that the record did not support Ward's claims of deliberate indifference. Ward timely appealed.

2

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's orders granting the defendants' motions for dismissal for failure to state a claim and for summary judgment. See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014); see also St. Luke's Health Network, Inc. v. Lancaster Gen. Hosp., 967 F.3d 295, 299 (3d Cir. 2020).

III.

All of Ward's claims fail, either because of Enigk's statutory immunity, or because Ward is improperly attempting to assert a Bivens action in a new context.[1]

Ward's Eighth Amendment Bivens claim alleged two violations. First, he alleged that the parties demonstrated a deliberate indifference to his medical needs by failing to properly treat his suicide attempt. Second, he alleged that his placement in restraints for a period of three days constituted cruel and unusual punishment. Neither of these claims is viable under Bivens.

As this Court recently explained in applying Egbert, Bivens actions are cognizable only when the claim presented is analogous to a previously-recognized Bivens context. Fisher v. Hollingsworth, __ F.4th ___, 2024 WL 3820969, at *5-6 (3d Cir. Aug. 15, 2024). Because no prior Supreme Court case has recognized a Bivens remedy for

---

[1] The District Court also construed Ward's complaint to present a First Amendment retaliation claim. To the extent that Ward intended to raise such a claim, the District Court's dismissal was proper, because there is no Bivens remedy for retaliation in violation of the First Amendment. Egbert v. Boule, 596 U.S. 482, 498-99 (2022).

excessive force, Ward's claims alleging excessive force are not cognizable on this posture. Id.; see also Egbert, 596 U.S. at 498-99.

Nor can Ward proceed under Bivens for his deliberate indifference claim. While prior Bivens cases have recognized a remedy for deliberate indifference to a serious medical need in violation of the Eighth Amendment, see Carlson v. Green, 446 U.S. 14, 24 (1980), such claims may proceed only if they are legally and factually analogous to a previously recognized Bivens cause of action, or if, after a consideration of the factors present, a Court concludes that a judicial expansion of Bivens is warranted. Fisher, 2024 WL 3820969, at *5-7.

The District Court correctly determined that the factual context of Ward's claims regarding his medical treatment was insufficiently analogous to Carlson to proceed under that case, and declined to create a new cause of action. see also Fisher, 2024 WL 3820969, at 4-5. In Carlson, an inmate's family sued a prison doctor after the inmate was left unsupervised under deplorable conditions due to racial prejudice, and subsequently died from a treatable asthma attack. Carlson, 446 U.S. at 16 n.1. Ward, meanwhile, alleges that his psychiatric condition was improperly treated, resulting in, at most, peripheral neuropathy and emotional damages. Given the narrow purview of Bivens actions after Egbert, this decision was correct. See Egbert, 596 U.S. at 496.

Even if Ward's claims were cognizable under Carlson, however, Ward cannot show deliberate indifference by any party vulnerable to a Bivens action. To state a cause of claim under the Eighth Amendment for failure to provide adequate medical care, a plaintiff must be able to show "acts or omissions sufficiently harmful to evidence

4

deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). When a prisoner is under the care of proper medical personnel, non-medical prison employees cannot be held liable for deliberate indifference "absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner." Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004).

The record plainly indicates that Corrections Officer Haubert and the Lieutenant defendants were not deliberately indifferent to Ward's professed suicidal ideations, because they placed him under Dr. Enigk's care after being notified of Ward's self-inflicted abrasions. While Ward also complains of the treatment he received at the hands of Dr. Enigk, such a claim cannot proceed under Bivens, because the FTCA is the exclusive remedy for damages allegedly incurred due to the actions of commissioned officers of the public health corps. 42 U.S.C. § 233(a); see also Hui v. Castaneda, 559 U.S. 799, 801-02 (2010).

Accordingly, we will affirm the judgment of the District Court.